CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Raymond Ballister Jr., Esq., SBN 111282
Dennis Price, SBN 279082
8033 Linda Vista Road Suite 200
San Diego CA 92111
(858) 375-7385; (888) 422-5191 Fax
dennisp@potterhandy.com

Attorneys for Plaintiff


JAMES P. SOUZA, ESQ. (SBN 179573)
jsouza@kennedysouza.com
GABRIEL G. BALDWIN, ESQ. (SBN 234241)
gbaldwin@kennedysouza.com
KENNEDY & SOUZA, APC
7964 Arjons Drive, Suite I
San Diego, California 92126
Telephone: (858) 267-4127
Facsimile: (858) 267-4128

Attorney for Defendant, Jagmohan Singh dba
City Food Mart Lindsay (erroneously sued as
Singh Jagmohan)

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **David Hernandez**, <br><br> Plaintiff, <br><br> v. <br><br> **Singh Jagmohan**; and Does 1-10, <br><br> Defendants. | Case No. 1:20-cv-00723-NONE-SAB <br><br> **Joint Scheduling Report** <br><br> Date:  August 25, 2020 <br> Time:  11:00 a.m. <br> Ctrm:  #9 (6th Floor) <br><br> Honorable Judge Stanley A. Boone |

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the Order Setting Mandatory Scheduling Conference filed May 22, 2020, the parties hereby submit the following Joint Report.

{00710466:1}

1

**1.    Factual and Legal Contentions**

<u>Plaintiff</u>: David Hernandez has a severe back injury, an L-1 Tailbone injury and chronic leg pain. He has use of his arms, but he cannot walk without a leg brace or drive. Hernandez uses a power wheelchair to get around. Defendant Singh Jagmohan owns the Chevron and the City Food Mart located at or about 206 E Honolulu Street in Lindsay, CA. 93247.

Hernandez went to the City Food Mart to buy milk and other groceries. The primary path of travel leading to front entrance of the City Food Mart involves using a built-up concrete curb ramp at the front of the store and directly in front of the entrance. However, the built-up curb ramp at the front entrance is so steep that it creates a difficult and dangerous condition for persons with mobility impairments or in wheelchairs. This built-up curb ramp has a slope of 13.6% and its flared sides have slopes as steep as 25% - 30%, more than 200 percent above the maximum permitted by law. This steeply sloped ramp caused Hernandez's wheelchair to flip backwards. Hernandez hit his head falling from his wheelchair and injured his back.

The defendant's failure to provide for an accessible path of travel at the Chevron and the City Food Mart is a violation of the ADA and is discriminatory against the plaintiff. Defendant violates plaintiff's rights under the American with Disabilities Act and the Unruh Civil Rights Act, and therefore, he seeks injunctive relief and the statutory minimum damage award.

<u>Defendant</u>:

Defendants are informed and believe the following. Defendant disputes plaintiff's contentions with respect to the causation of his alleged injuries and the configuration of the subject ramp being the proximate cause of said injuries.  It also disputes plaintiff was damaged by alleged violations of the ADA and   related state anti-discrimination laws.  Plaintiff uses the subject ramp and frequented the subject store without incident or complaint on multiple prior occasions.  The type or configuration of power wheelchair or any defect in the power wheelchair being used

by plaintiff at the time the accident may have caused or contributed to the cause of the accident. Defendant contends plaintiff was comparatively at fault and disputes the causation and/or scope of the alleged injuries in light of plaintiff's prior injury/medical history.

## 2. Amendments

<u>Plaintiff</u>: Plaintiff intends to conduct an expert led site inspection to identify each barrier that would affect his type of disability and, then, amend the complaint to ensure that the ADA claim reflects his intention to have all unlawful barrier removed or remediated. This is the two-step process permitted and required by *Doran v. 7-Eleven Inc.*, (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier 1 Imports (US) Inc.*, 631 F.3d 939 (9th Cir. 2011).

Plaintiff proposes February 15, 2021 for amendments to pleadings.

<u>Defendant</u>: On August 12, 2020, plaintiff's counsel was verbally informed that plaintiff's contemplated inspection will need to take place sooner rather than later due to planned renovations to the subject store. Plaintiff's counsel will be given advance notice of the contemplated timeline of said renovations. That timeline is still in the midst of being developed and determined. Plaintiff's inspection will not be allowed unless it is timely/properly noticed and conducted pursuant to applicable law, including, but not limited to, Federal Rules of Civil Procedure Rule 34. No informal inspections shall be allowed by plaintiff, his counsel, or his experts. Defendant will timely file an amended answer in the event plaintiff's contemplated amended complaint is filed.

## 3. Summary Detailing the Uncontested and Contested Facts

<u>Uncontested Facts</u> –

i. Defendant Singh Jagmohan owns the Chevron and the City Food Mart located at or about 206 E Honolulu Street in Lindsay, CA. 93247.

|   |       |                                                                                           |
|---|-------|-------------------------------------------------------------------------------------------|
| 1 | ii.   | The Court has jurisdiction over the claims brought in the Complaint.                      |
| 3 | iii.  | The supplemental jurisdiction is appropriate.                                             |
| 4 | iv.   | The venue is proper.                                                                      |

Contested Facts –

v. Whether plaintiff was denied full and equal access to defendant's services due to the inaccessible path of travel at the City Food Mart.

vi. Whether the inaccessible path of travel at the City Food Mart which is the subject of this litigation, meet the minimum requirements of the Americans with Disabilities Act of 1990 ("ADA") and related state anti-discrimination laws.

vii. Whether the defendant discriminated against Plaintiff on the basis of his alleged disability.

viii. Whether negligence on the part of defendant was a proximate cause of plaintiff's alleged injuries.

ix. Whether the configuration of the subject ramp was a proximate cause of plaintiff's alleged injuries he attributes to the subject accident.

x. Whether any alleged violation of law by defendant (including the ADA and related state anti-discrimination laws) was a proximate cause of plaintiff's alleged injuries he attributes to the subject accident.

xi. Whether plaintiff was comparatively negligent and, if so, whether that comparative negligence was a proximate cause of the subject accident.

xii. Whether plaintiff failed to mitigate the damages he attributes to the subject accident.

xiii. Whether plaintiff has standing with respect to all alleged violations of the ADA and related state anti-discrimination laws.

xiv. Whether plaintiff failed to mitigate the damages he attributes to all alleged violations of the ADA and related state anti-discrimination laws.

xv. Whether defendant's compliance with the ADA and related state anti-discrimination laws would cause undue hardship to defendant.

xvi. Whether defendant made good faith efforts to reasonably accommodate Plaintiff.

xvii. Whether the subject ramp was inspected and/or approved by the local public entities/jurisdiction authority at the time the work was performed at the property involved in this litigation.

**4.   Summary of the Legal Issues**

**Undisputed Legal Issue – Jurisdiction & Venue**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

This court has supplemental jurisdiction over the claims brought under the Unruh Act pursuant to 28 U.S.C. § 1367(a) as the claims arise from the same incident.

Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**Disputed Legal Issues**

The disputed legal issues are: (1) whether the defendants are responsible under the law to remove barriers; (2) whether the plaintiff has standing to seek either damages or injunctive relief; (3) whether the barriers are readily achievable to remove; (4) the nature and extent of damages, if any; (5) whether defendant was negligent and, if so, that negligence was a proximate cause of plaintiff's alleged injuries; (6) whether the configuration of the subject ramp was a proximate cause of plaintiff's alleged injuries he attributes to the subject accident; (7) whether any alleged violation of law by defendant (including the ADA and related state anti-discrimination laws) was a proximate cause of plaintiff's alleged injuries he attributes to the subject accident; (8) whether plaintiff was comparatively negligent and, if so, whether that comparative negligence was a proximate cause of the subject accident; (9) whether plaintiff failed to mitigate the damages he attributes to the subject accident; (10) whether plaintiff has standing with respect to all alleged violations of the ADA and related state anti-discrimination laws; (11) whether plaintiff failed to mitigate the damages he attributes to all alleged violations of the ADA and related state anti-discrimination laws; (12) whether defendant's compliance with the ADA and related state anti-discrimination laws would cause undue hardship to defendants; (13) whether defendant made good faith efforts to reasonably accommodate Plaintiff; and (14) whether the subject ramp was inspected and/or approved by the local public entities/jurisdiction authority at the time the work was performed at the property involved in this litigation.

**5.     Pending Matters Status**

<u>Plaintiff</u>: No matters currently pending.

<u>Defendant</u>: No matters currently pending.

**6.     Discovery Plan**

The parties agree as follows:

| a] | Date For the Exchange of Initial Disclosures | 09/04/2020 |
|---|---|---|
| b] | Cut-Off Date for Non−Expert Discovery | 7/12/2021 |
| c] | Disclosure of Expert Witnesses | 6/21/2021 |
| d] | Cut-Off Date for Expert Witness Discovery | 8/16/2021 |
| e] | Any Proposed Changes in the Limits On Discovery | None |
| f] | Whether the parties anticipate the need for a Protective Order | Not at this time |
| g] | Any issues or proposals relating to the timing; sequencing, phasing or scheduling of discovery; | None |
| h] | Discovery Outside the United States | No |
| i] | Video and/or Sound Recording of Depositions | Yes |

**Electronic Media Discovery**

Although the parties do not anticipate any issues with respect to electronic discovery, the parties agree as follows:

Any electronically stored information may be produced in tangible form in an organized manner on CDs or DVDs in readable format for standard programs for Windows-based operating systems (e.g., Microsoft Windows, Adobe Acrobat, etc.) in its native format. In addition, at the election of a party, with the consent of the other party, not to be unreasonably withheld, and considering the volume of information to be exchanged, the producing party may elect to produce such information by printing the files as documents and Bates numbering the documents.

In any event, the parties agree to produce information in a manner such that it may be easily retrieved and identified by the receiving party and the Court.

The parties confirm that they have met and conferred regarding steps taken to preserve relevant evidence to the issues of this action, including steps related to the scope of e-mail discovery, the restoration of deleted information, and the preservation of computer based information. The parties likewise agree to preserve all other relevant evidence related to the claims asserted in Plaintiff's complaint.

**7.    Other Dates and Deadlines**

The parties agree on the following deadlines:

a)   Filing non−dispositive and dispositive pre−trial motions –July 26, 2021

b)   Pre−Trial Conference date – October 11, 2021

c)   Trial Date – October 26, 2021

**8.    Settlement**

The parties believes that a court-convened settlement conference is a good idea but not until some discovery is completed. The parties are stipulating referral of this action to the Voluntary Dispute Resolution Program (VDRP) pursuant to Local Rule 271.

**9.    Jury v. Court Trial**

<u>Plaintiff</u>: has requested for a court trial.

<u>Defendant</u>: hereby request a jury trial.

**10.    Trial Time Estimate**

<u>Plaintiff</u>: anticipates a 2-3 day trial.

<u>Defendant</u>: anticipates a 5-7 day trial.

**11.    Magistrate Judge Jurisdiction**

Plaintiff: consents to have a Magistrate Judge preside over this case.

Defendant: consents to have a Magistrate Judge preside over this case.

**12.    Bifurcation, etc.**

Plaintiff: has no proposals concerning severance, bifurcation or phasing of trial.

Defendant: currently has no proposals concerning severance, bifurcation or phasing of trial.

**13.    Related Matters**

Plaintiff: is unaware of any related matters.

Defendant: is unaware of any related matters.

Dated: August 11, 2020                CENTER FOR DISABILITY ACCESS

By: _____/s/_____
Dennis Price.
Attorney for Plaintiff

Dated: August 18, 2020                KENNEDY & SOUZA, APC

By: _____
Gabriel G. Baldwin, Esq.
Attorney for Defendant
Jagmohan Singh dba City Food Mart Lindsay (erroneously sued as Singh Jagmohan)

## **SIGNATURE ATTESTATION**

I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in this document's content and have authorized the filing of this document with the use of their electronic signature.

Dated: August 11, 2020                    CENTER FOR DISABILITY ACCESS


                                          By: _____/s/_____
                                          Dennis Price
                                          Attorney for Plaintiff

GABRIEL G. BALDWIN, ESQ. (SBN 234241)
gbaldwin@kennedysouza.com
**KENNEDY & SOUZA, APC**
7964 Arjons Drive, Suite I
San Diego, California  92126
Telephone: (858) 267-4127
Facsimile: (858) 267-4128

Attorney for **Defendant, JAGMOHAN SINGH dba CITY FOOD MART LINDSAY (erroneously sued as SINGH JAGHMOHAN)**

# UNITED STATES DISTRICT COURT

# THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HERNANDEZ, | Case No.:   1:20-CV-00723-NONE-SAB |
| Plaintiff, | PROOF OF SERVICE |
| v. | |
| SINGH JAGMOHAN; and DOES 1-10, | |
| Defendants. | |

I, the undersigned, declare: That I am, and was at the time of service of the papers herein referred to, over the age of 18, and not a party to the action; and I am employed in the County of San Diego, California.  My business address is 7964 Arjons Drive, Suite I, San Diego, California 92126.  On August 18, 2020, at San Diego, California, I served the following document(s) described as

**JOINT SCHEDULING REPORT**

on the parties in said action addressed as follows:

Russell Handy, Esq.
Amanda L. Seabock, Esq.
Potter Handy, LLP
Center for Disability Access, A Law Firm
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
T: (858) 375-7385
F: (888) 422-5191
Email: russ@potterhandy.com
Email: amandas@potterhandy.com

{00697931:1}

1   1:20-cv-00723-NONE-SAB
PROOF OF SERVICE

☐ **BY MAIL:** I am readily familiar with our business practice for collecting, processing and mailing correspondence and pleadings with the United States Postal Service. Such correspondence and pleadings are deposited with the United States Postal Service on the same day that they are placed for mailing in the ordinary course of business. I sealed each envelope and, with the postage thereon fully prepaid, placed it for mailing in accord with our business' practice. (C.C.P. § 1013(a) and (b))

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on an agreement or stipulation between all parties, pursuant to California Rules of Court, rule 2.251(c)(3) and/or pursuant to Judicial Council Emergency rule 12 contained within Appendix I of Emergency Rules Related to COVID-19, I caused the document(s) to be sent from e-mail address evargas@kennedysouza.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **BY :** I am readily familiar with our business practice for collecting, processing, and mailing correspondence and pleadings with our overnight express service carrier . Such correspondence and pleadings are deposited in a box or other facility regularly maintained by or delivered to a courier or driver authorized by  to receive documents, in an envelope or package designated by  which indicates that overnight delivery is demanded with delivery fees paid or provided for, and addressed to the person(s) served hereunder. (C.C.P. § 1013(c))

☐ **BY EXPRESS U.S. MAIL:** I deposited such document(s) in a box or other facility regularly maintained by the United States Postal Service for receipt of Express Mail, in an envelope or package designated by the United States Postal Service with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(c)).

☐ **BY OVERNIGHT DELIVERY:** I am readily familiar with our business practice for collecting, processing, and mailing correspondence and pleadings with overnight express service carriers. Such correspondence and pleadings are deposited in a box or other facility regularly maintained by the express service carrier or delivered to a courier or driver authorized by the express service carrier to receive documents, in an envelope or package with delivery fees paid or provided for, and addressed to the person(s) served hereunder. (C.C.P. § 1013(c)).

☒ **ELECTRONIC TRANSMISSION VIA ECF**: I filed the foregoing document with the Clerk of Court for the U.S. District Court, using the Electronic Case Filing ("ECF") system of the Court. The attorney listed above has consented to receive service by electronic means and is registered with the Court's ECF system and was served a "Notice of Electronic Filing" sent by ECF system.

I declare, under penalty of perjury under the laws of the State of California, that the foregoing is true and correct. Executed on August 18, 2020, at San Diego, California.

*/s/ Elena Vargas*
Elena Vargas